David WESTBROOK, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A02–0109–CR–626.

Court of Appeals of Indiana.

June 25, 2002.

Kelly N. Bryan, Public Defender, Muncie, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant Defendant David Westbrook (Westbrook) appeals the sentence imposed upon his conviction of Child Molesting, a Class B felony,[1] and the determination that he is a sexually violent predator. We affirm.

### Issues

Westbrook presents two issues for review:

I. Whether his sentence is manifestly unreasonable; and

II. Whether the trial court improperly determined that he is a sexually violent predator.

### Facts and Procedural History

On September 14, 1999, Westbrook was a guest in the Muncie home of his cousin. After a day of drinking and smoking marijuana, Westbrook passed out on the sofa. Some time during the night, Westbrook awoke, entered the bedroom of twelve-year-old L.J. and performed oral sex on her.

Westbrook was subsequently charged with two counts of Child Molesting, one as Class A felony and one as a Class B felony. Westbrook pled guilty to the Class B felony count and the State dismissed the Class A felony count.[2] The trial court bifurcated the sentencing proceedings. On June 28, 2001, the court imposed a twenty-year sentence upon Westbrook, and appointed Dr.

---

1. IND.CODE § 35–42–4–3.

2. The State alleged that Westbrook had performed sexual intercourse with L.J.

Kenneth Joy and Dr. Craig Buckles to examine Westbrook in connection with the sexually violent predator determination. On September 6, 2001, the trial court found Westbrook to be a sexually violent predator. On September 20, 2001, Westbrook filed his Notice of Appeal.

## Discussion and Decision

### I. Sentence

Pursuant to Indiana Code section 35–50–2–5, the presumptive sentence for a Class B felony is ten years, to which ten years may be added for aggravating circumstances, or from which four years may be subtracted for mitigating circumstances. Westbrook challenges his twenty-year sentence as manifestly unreasonable, claiming that the trial court relied upon improper aggravators and ignored significant mitigators.

The decision to enhance a presumptive sentence is generally within the trial court's discretion. *Brown v. State,* 698 N.E.2d 779, 781 (Ind.1998). When the trial court imposes an enhanced sentence, the court must make valid findings to support an aggravator. *Ajabu v. State,* 722 N.E.2d 339, 342 (Ind.2000), *reh'g. denied.* The requirement of a specific sentencing statement guards against arbitrary sentences and provides an adequate basis for appellate review. *Bacher v. State,* 722 N.E.2d 799, 801 (Ind.2000).

In sentencing Westbrook, the trial court found as aggravating circumstances: (1) prior criminal history; (2) need for rehabilitative treatment best provided by a correctional facility because probation had failed; (3) less than an enhanced sentence would depreciate the seriousness of the crime; (4) the instant offense was committed while Westbrook was free on an appeal bond; and (5) the victim and her mother requested the maximum sentence.

Pursuant to Article 7, Section 6 of the Indiana Constitution, this Court has the authority to review and revise sentences. However, we do so only if the sentence imposed is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Cruz Angeles v. State,* 751 N.E.2d 790, 799–800 (Ind.Ct.App.2001), *trans. denied.* One aggravating circumstance is sufficient to support an enhanced sentence. *Miller v. State,* 716 N.E.2d 367, 371 (Ind.1999).

Initially, we observe that the trial court could not properly rely upon the circumstance that "a lesser sentence would depreciate the seriousness of the crime" to justify enhancement, as this circumstance serves only to support a trial court's refusal to reduce the presumptive sentence. *Miller v. State,* 720 N.E.2d 696, 707 n. 12 (Ind.1999). Moreover, a victim's recommendation is neither a mitigator nor an aggravator, although it may assist the trial court in determining what sentence to impose. *Brown,* 698 N.E.2d at 782. Nevertheless, the trial court recognized other valid aggravators supported by evidence in the record. The trial court may properly rely upon a criminal history and the failure of prior rehabilitative attempts to enhance a sentence. *Id.* at 783.

The trial court identified no mitigating circumstances. However, the finding of mitigating circumstances is discretionary rather than mandatory and the trial court is not obligated to weigh or credit the mitigating factors the way a defendant suggests they should be weighed or credited. *Georgopulos v. State,* 735 N.E.2d 1138, 1145 (Ind.2000). The court is not obligated to explain why it has found that mitigating factors do not exist. *Allen v. State,* 722 N.E.2d 1246, 1252 (Ind.Ct.App.2000).

Here, the record discloses that Westbrook was freed on bond after his convic-

tion for child molesting in Georgia. While at liberty, he committed another child molesting offense in the home of his cousin. In light of the nature of the offense and the character of the offender, we conclude that Westbrook's sentence is not manifestly unreasonable.

## II. Violent Sexual Predator Determination

■ Next, Westbrook contends that the violent sexual predator determination was erroneous in light of the conflicting written opinions of Drs. Joy and Buckles and the absence of testimonial opinions. Both experts opined in written reports that Westbrook is a sexual predator, but Dr. Buckles opined that Westbrook should not be classified as a violent sexual predator. Westbrook requested but was denied the opportunity to cross-examine these experts.

■■ Indiana Code section 35–38–1–7.5(c) provides:

> At a sentencing hearing, the court shall determine whether the person is a sexually violent predator. Before making a determination under this section, the court shall consult with a board of experts consisting of two (2) board certified psychologists or psychiatrists who have expertise in criminal behavioral disorders.

The primary goal of statutory interpretation is to give effect to the intention of the legislature. *Hatcher v. State*, 762 N.E.2d 170, 172 (Ind.Ct.App.2002), *trans. denied.* Words will be given their plain and ordinary meaning unless otherwise indicated by the statute. *Chambliss v. State*, 746 N.E.2d 73, 77 (Ind.2001). The statute at issue here only requires the court to consult with experts. The opinions of the experts are not binding upon the trial court and unanimity is not required. Neither does the statute require a contested hearing in light of expert disagreement.

We will not construe the statute so as to impose such additional burdens on the trial court in reaching its determination. Here, the trial court's determination is supported both by Westbrook's criminal record and an expert opinion. We find no error.

## Conclusion

In light of the foregoing, Westbrook's sentence is not manifestly unreasonable and the determination that he is a sexually violent predator is not erroneous.

Affirmed.

NAJAM, J., and ROBB, J., concur.