**Arvin CRUITE, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 03A04–0511–PC–651.**

Court of Appeals of Indiana.

Aug. 31, 2006.

Transfer Denied Nov. 28, 2006.

Donald J. Dickherber, Columbus, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

Arvin Cruite appeals the trial court's order denying permission to file a belated notice of appeal. He raises several issues, of which we find one dispositive: whether the trial court erred in denying his petition for leave to file a belated notice of appeal.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On December 7, 1998, Cruite pled guilty to fraud on a financial institution [1] as a Class C felony, auto theft [2] as a Class D

---

1. *See* IC 35–43–5–8.

2. *See* IC 35–43–4–2.5.

felony, and dealing in cocaine [3] as a Class B felony pursuant to a plea agreement. The plea agreement left sentencing to the discretion of the trial court. On January 5, 1999, the trial court sentenced him to eight years for fraud on a financial institution, three years for auto theft, and twenty years for dealing in cocaine, with the sentences to run consecutively for a total of thirty-one years executed.

While incarcerated, Cruite filed two motions for modification of his sentence, which were both denied by the trial court. On November 5, 2004, Cruite filed a pro se petition for post-conviction relief alleging that his sentences were excessive and unreasonable and that his plea agreement did not prohibit the trial court from hearing subsequent petitions for sentence modification. *Appellant's App.* at 281. On February 10, 2005, the Indiana Public Defender's Office filed a Verified Notice of Present Inability to Investigate regarding Cruite's petition. The Indiana Public Defender's Office also filed a motion to dismiss Cruite's petition for post-conviction relief and for appointment of counsel for Cruite at county expense in order to pursue proceedings under Indiana Post–Conviction Rule 2 on February 14, 2005. The trial court granted the motion, dismissing the petition for post-conviction relief without prejudice, and appointed counsel to pursue proceedings under Post–Conviction Rule 2.

On July 5, 2005, Cruite's appointed counsel filed a "Counsel's Report to the Court" and a memorandum of law supporting it, which concluded that a belated appeal of Cruite's sentence was appropriate. The State filed a response to the report on August 8, 2005. On November 7, 2005, the trial court found no grounds for permitting the filing of a belated notice of appeal. Cruite now appeals.

## DISCUSSION AND DECISION

Ind. Post–Conviction Rule 2 permits a defendant to seek permission to file a belated notice of appeal. The rule provides in pertinent part:

> Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Ind. Post–Conviction Rule 2(1). Although there are no set standards defining delay and each case must be decided on its own facts, a defendant must be without fault in the delay of filing the notice of appeal. *Baysinger v. State,* 835 N.E.2d 223, 224 (Ind.Ct.App.2005). Factors affecting this determination include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether he was informed of his appellate rights, and whether he committed an act or omission that contributed to the delay. *Id.*

Whether a defendant is responsible for the delay is a matter within the trial court's discretion. *Id.* "Although we acknowledge that the trial court is generally in a better position to weigh evidence and judge witness credibility and we defer to that discretion, such is not always the case." *Id.* Where, as here, the trial court does not hold a hearing before granting or denying a petition to file a belated notice of appeal, the only basis for its decision is

---

**3.** *See* IC 35–48–4–1.

the paper record attached to the petition. *Id.* Because we are reviewing the same information that was available to the trial court, we owe no deference to its findings. *Id.* We therefore review the denial of Cruite's petition de novo. *See id.*

■ Cruite argues that he was entitled to file a belated notice of appeal under P–C.R. 2 and that the trial court erred when it denied him permission to do so. He contends that his failure to file a timely notice of appeal was through no fault of his own because at his plea hearing the trial court did not advise him of his right to appeal his sentence. He also claims that he was diligent in requesting permission to file a belated appeal.

In *Baysinger*, the defendant pled guilty in an open plea, which left the sentencing to the discretion of the trial court, and four years later, he filed a petition to file a belated appeal, which was denied. *Id.* On appeal, the defendant claimed that his petition should not have been denied because the trial court failed to inform him of his right to appeal any sentence imposed after a guilty plea. *Id.* at 225. We concluded that the defendant's failure to file a timely direct appeal was not due to his own fault and reversed the trial court's denial of permission to file a belated appeal. *Id.* at 226. *See also Perry v. State,* 845 N.E.2d 1093 (Ind.Ct.App.2006) (finding that failure to file timely notice of appeal was not defendant's fault when trial court did not separately advise him of his right to directly appeal his sentence); *Hull v. State,* 839 N.E.2d 1250 (Ind.Ct.App.2005) (concluding that defendant was not responsible for the delay in filing a timely notice of appeal because the trial court failed to advise him of his appellate rights).

■ Here, at Cruite's plea hearing, the trial court did not inform him of his right to appeal any sentence that was imposed by the trial court. In fact, the trial court told Cruite that by pleading guilty, he was giving up his right to appeal. *Tr.* at 8. Additionally, at his sentencing hearing, Cruite was again not informed of his right to appeal his sentence. "It is well-settled that a person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where the trial court has exercised its discretion." *Collins v. State,* 817 N.E.2d 230, 231 (Ind. 2004). Because, here, the trial court failed to inform Cruite of his appellate rights, we conclude that his failure to file a timely notice of appeal was not his fault.

Cruite also contends that he was diligent in requesting permission to file a belated notice of appeal. Cruite filed his pro se petition for post-conviction relief on November 5, 2004. On November 9, 2004, *Collins* was handed down. In it, our Supreme Court clarified that when a defendant pleads guilty in an open plea agreement, he must challenge any sentence imposed on direct appeal, and not by way of a petition for post-conviction relief. *Id.* at 233. On February 14, 2005, the State Public Defender filed its motion to dismiss Cruite's petition for post-conviction relief and to appoint local counsel to pursue a belated appeal. The trial court did not grant this motion until June 7, 2005, and Cruite's newly appointed counsel filed his report to the court regarding permission to file a belated appeal on July 5, 2005. Time spent by the State Public Defender investigating a claim does not count against a defendant when determining the issue of diligence under P–C.R. 2. *Kling v. State,* 837 N.E.2d 502, 508 (Ind.2005). We therefore conclude that Cruite was diligent in requesting permission to file a belated notice of appeal. The trial court abused its discretion in denying Cruite's request for

permission to file a belated appeal.[4]

Reversed.

BAILEY, J., and CRONE, J., concur.

---

**4.** Cruite also raises several issues on the merits of his sentencing claims. This is not the proper time for such arguments. P–C.R. 2 states, "[i]f a trial court finds no grounds for permitting the filing of a belated notice of appeal, the defendant may appeal *such denial* by filing a notice of appeal within thirty (30) days of said denial" (emphasis added). Thus, the only issue properly before this court at this time is the trial court's denial of Cruite's request for permission to file a belated appeal.