Thomas G. ROBERTS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0511–CR–1110.

Court of Appeals of Indiana.

Publication Ordered Oct. 5, 2006.

Aug. 23, 2006.

Cynthia M. Carter, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner, Thomas G. Roberts (Roberts), appeals the trial court's denial of his Motion to Correct Error following the denial of his petition for a belated appeal. We affirm.

### ISSUES

Roberts raises two issues on appeal, one of which we find dispositive and which we restate as follows: Whether the trial court abused its discretion by finding that Roberts was not diligent in petitioning for a belated appeal.

### FACTS AND PROCEDURAL HISTORY

On March 16, 1999, during the second day of a jury trial, Roberts pled guilty to murder pursuant to a plea agreement which provided that in return for pleading guilty, the maximum sentence Roberts could receive would be the presumptive fifty-five year sentence. On June 24, 1999, during the sentencing hearing, the trial court found that the aggravators and mitigators balanced and accordingly sentenced Roberts to the presumptive sentence. Thereafter, on May 31, 2001, Roberts filed a petition for post-conviction relief which was denied by the trial court and affirmed by this court in a memorandum opinion issued on July 29, 2004. Roberts' petition for rehearing and transfer were subsequently denied.

On August 12, 2005, Roberts filed his Verified Petition for Leave to File a Belated Notice of Appeal which was denied by the trial court on August 26, 2005. On September 24, 2005, Roberts filed a Motion to Correct Error. On September 30, 2005, the trial court denied his motion.

Roberts now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Roberts contends that the trial court abused its discretion by denying his Motion to Correct Error requesting to grant him a belated appeal of his sentence. Specifically, Roberts asserts that he did not file a notice of appeal because he was advised during the guilty plea hearing that by pleading guilty he waived his right to a direct appeal. He maintains that upon learning that conflicting case law regarding the right to pursue a direct appeal to a sentence after entering into a plea agreement had been settled, he diligently filed his request to file a belated appeal.

A trial court has discretion to grant or deny a motion to correct error and we reverse its decision only for an abuse of that discretion. *French v. French,* 821 N.E.2d 891, 895 (Ind.Ct.App.2005), *reh'g denied.* An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

Indiana post-conviction rule 2 allows a defendant to seek permission to file a belated notice of appeal, and provides in part:

> Where an eligible defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court, where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Although there are no set standards defining delay and each case must be decided on its own facts, a defendant must be without fault in the delay of filing

the notice of appeal. *Baysinger v. State,* 835 N.E.2d 223, 224 (Ind.Ct.App.2005). Factors affecting this determination include the defendant's level of awareness of his or her procedural remedy, age, education, familiarity with the legal system, whether he or she was informed of his or her appellate rights, and whether he or she committed an act or omission that contributed to the delay. *Id.*

■ Our supreme court recently established that a person who pleads guilty is entitled to contest on direct appeal the merits of a trial court's sentencing decision where the trial court has exercised its discretion. *Collins v. State,* 817 N.E.2d 230, 231 (Ind.2004). Here, our review of the record supports that the trial court failed to inform Roberts of his right to appeal his sentence and instead told him that that "by pleading guilty [he's] giving up [his] right to appeal." (Appellant's App. p. 57). Thus, the trial court's advisement provided insufficient guidance to Roberts as to what claims may or may not be available for direct appeal. Furthermore, the record reflects that Roberts' trial attorney believed that "you can modify but you can't appeal. And this stuff about appeal, I don't understand that because a plea agreement clearly says you cannot file appeal but you can file for modification." (Appellant's App. p. 56). This, taken together with the trial court's advisement, leads us to conclude that failure to file a timely notice of appeal was not due to Roberts' fault. *See* Ind. Post–Conviction Rule 2(a).

■ Thus, we agree with Roberts' claim that even though he pled guilty, he retained a right to directly appeal his guilty plea. However, unlike Roberts' argument, our inquiry does not end here. Under Indiana post-conviction rule 2, we also need to investigate whether Roberts was diligent in requesting permission to file a belated notice of appeal. *See* P–C.R. 2(b).

Under this prong of our review we conclude that Roberts failed to diligently avail himself of his right to file a direct appeal.

First, Roberts argued in his petition for post-conviction relief which was filed on May 31, 2001 and amended on March 3, 2003, that he was denied effective assistance "for failing to file a direct appeal." (Appellant's App. p. 49). Further, we note that in our memorandum opinion of July 29, 2004, when responding to Roberts' claim for post-conviction relief, we informed him that sentencing errors need to be brought on direct appeal. *See Roberts v. State,* 49G02–9710–PC–150126, at 21 (Ind.Ct.App. July 29, 2004). On appeal, as well as before the post-conviction court, Roberts was represented by counsel. However, instead of following our advice and filing a direct appeal, Roberts unsuccessfully sought rehearing and transfer on his claims. Only more than a year later, on August 12, 2005, did Roberts file a request to file a belated direct appeal.

Even if we were to consider Roberts' argument that when issuing our opinion advising him to file a direct appeal, conflicting case law existed as to whether to file a direct appeal challenging his sentence after pleading guilty, Roberts' appeal still fails. On November 9, 2004, our supreme court decided *Collins,* holding that a person pleading guilty can only contest the merits of a trial court's sentencing decision by way of a direct appeal. *See Collins,* 817 N.E.2d at 231. Considering that Roberts might not have been immediately aware of the *Collins* decision, he definitely was apprised of it when his petition to transfer was denied on December 9, 2004. Yet, he still waited over eight months, until August 12, 2005 to file his Verified Petition for Leave to File a Belated Notice of Appeal.

Based on the evidence before us, we conclude that Roberts did not diligently

pursue his belated appeal. Thus, we find that the trial court did not abuse its discretion by denying Roberts' Motion to Correct Error following its denial of request for a belated appeal.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by finding that Roberts was not diligent in petitioning for a belated appeal. Affirmed.

VAIDIK, J., and DARDEN, J., concur.

## ORDER

The Appellant, by counsel, has filed a Motion to Publish the August 23, 2006 Memorandum Decision. The appellant requests publication of this case because it establishes, modifies, or clarifies a rule of law pursuant to Appellate Rule 65(A)(1),

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellant's Motion to Publish is GRANTED, and this Court's opinion heretofore handed down in this cause on August 23, 2006, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

RILEY and DARDEN, JJ., concur.

VAIDIK, J., dissents.