**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 31 2013, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DUSTIN L. GRISSOM,                          )
                                            )
    Appellant-Defendant,            )
                                            )
        vs.             )    No. 11A01-1207-CR-301
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.             )

APPEAL FROM THE CLAY CIRCUIT COURT
The Honorable Joseph D. Trout, Judge
Cause No. 11C01-1105-FB-329

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

On four different days over a five-day period, Dustin L. Grissom severely battered his pregnant wife. She went to the emergency room after each of the first two beatings and suffered contractions after the second beating. The State charged Grissom with four class C felonies, three class D felonies, and four class A misdemeanors. Grissom agreed to plead guilty to one count of class C felony battery resulting in bodily injury to a pregnant woman and three counts of class A misdemeanor domestic battery, with a sentencing cap of nine years. The trial court sentenced him to nine years executed.

On appeal, Grissom argues that the trial court abused its discretion in failing to find several mitigating circumstances and that his sentence is inappropriate in light of the nature of the offenses and his character. We conclude that Grissom has failed to carry his burden in either respect and therefore affirm his sentence.

**Facts and Procedural History**

In May 2011, the twenty-three-year-old Grissom was on probation for committing class A misdemeanor intimidation against his father. On the night of May 17, 2011, Grissom battered his wife, Nicole, who was four months pregnant. As a result, on May 18, Grissom and Nicole went to the Sullivan County Hospital emergency room. A Clay County Sheriff's Department detective was dispatched to the hospital and talked to Grissom and Nicole, both of whom said that someone had beaten her face with a pipe when she went outside to check on their dog. Photographs taken at the hospital show that the right side of Nicole's face was

2

badly bruised and her right eye was swollen shut. She also had bruises on her ankle and scratches on her arms. Nicole was treated and released.

On May 19, Grissom punched Nicole in the face, pulled her arm, and kicked her. She suffered sharp stomach pains, and her parents took her to the Putnam County Hospital emergency room. The hospital staff told Nicole that she was having contractions, and she thought that she "was going to lose [her] baby." Tr. at 144. Nicole blamed someone other than Grissom for the battery, and again she was treated and released. Grissom battered Nicole a third time on May 21 and a fourth time on May 22. During these incidents, Grissom punched Nicole, head-butted her face, shook her "real hard," threw her down, pulled her around by her arm, and pulled her off the bed. Appellant's App. at 31-32 (charging information).

On May 27, 2011, the State charged Grissom with the following eleven counts: four counts of class C felony battery resulting in bodily injury to a pregnant woman, four counts of class A misdemeanor domestic battery, one count of class D felony intimidation, one count of class D felony criminal confinement, and one count of class D felony domestic violence animal cruelty for allegedly killing his parents' dog "with the intent to threaten, intimidate, coerce, harass, or terrorize" Nicole. *Id*. at 31. On April 23, 2012, pursuant to a plea agreement, Grissom pled guilty to one of the class C felony counts and three of the class A misdemeanor counts. The State agreed to dismiss the remaining counts. The plea agreement capped the sentence for the class C felony at six years and the sentence for the class A misdemeanors at one year each, to be served consecutively, for a total cap of nine years. The

3

trial court took the plea under advisement and ordered a presentence investigation report ("PSI"). On July 9, 2012, the court accepted Grissom's plea and sentenced Grissom to nine years executed. Grissom now appeals.

**Discussion and Decision**

*I. Failure to Find Mitigating Circumstances*

Grissom first contends that the trial court erred in failing to find certain mitigating circumstances at sentencing. We recently said,

> It is well settled that sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. The trial court must enter a sentencing statement that includes the court's reasons for the imposition of the particular sentence. If the statement includes a finding of aggravating and/or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances. An allegation that the court failed to find a particular mitigator requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. The relative weight given to the aggravating and mitigating factors is not subject to review.

*Davis v. State*, 971 N.E.2d 719, 724 (Ind. Ct. App. 2012) (citations and quotation marks omitted), *trans. denied*.

Grissom asserts that "[t]he trial court erroneously failed to find [his] difficult childhood, mental illness and remorse as mitigating circumstances." Appellant's Br. at 9. The State correctly observes that Grissom failed to raise his difficult childhood at the sentencing hearing and therefore may not raise it on appeal. *See*, *e.g.*, *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000) ("If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal.").

4

As for mental illness, we have said that "in order for a mental history to provide a basis for establishing a mitigating factor, there must be a nexus between the defendant's mental health and the crime in question." *Corralez v. State*, 815 N.E.2d 1023, 1026 (Ind. Ct. App. 2004). At the sentencing hearing, Grissom testified that he had been diagnosed with bipolar disorder, an explosive disorder, and an antisocial personality disorder; that he had been prescribed medications for these disorders; that he did not take his medications as prescribed; and that he had self-medicated with "alcohol or other illegal substances." Tr. at 97. Grissom explained his repeated acts of brutality against his pregnant wife as follows:

> I was living my life for the drugs which isn't normally me. I mean I have a past of anger but I've never laid my hand on a woman before. I don't know what I was thinking. I really don't remember all of it. I know what I did was wrong. That's all I have.

*Id*. at 95. This vague testimony falls far short of establishing a nexus between his mental health issues and his crimes. We find no abuse of discretion here.

> Finally, as for remorse, the trial court addressed the issue as follows:

> The defendant will not be awarded or considered for a mitigating factor in regard to the issue of remorse. Remorse to me means that after I do something really stupid on the first day that I feel bad about it and want to make amends for it and I don't turn around and do it … two days later, four days later and then five days later, two of which events sent the victim to the hospital for treatment.

*Id*. at 165-66. Grissom argues that "[s]uch an analysis suggests that remorse can never follow a series of offenses, and that clearly is incorrect." Appellant's Br. at 10. Be that as it may, "we have previously held that the trial court possesses the ability to directly observe the defendant and is therefore in the best position to determine whether a defendant's remorse is

5

genuine." *Mead v. State*, 875 N.E.2d 304, 309-10 (Ind. Ct. App. 2007) (citing *Corralez*, 815 N.E.2d at 1025). For that reason, we decline Grissom's invitation to second-guess the trial court's determination.

## II. *Appropriateness of Sentence*

Next, Grissom asks us to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "[T]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Grissom bears the burden of persuading us that his nine-year sentence is inappropriate. *King*, 894 N.E.2d at 267.

"As to the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). The sentencing range for a class C felony is between two and eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6. There is no advisory sentence for a class A misdemeanor; the maximum term is one year.

6

Ind. Code § 35-50-3-2. Grissom claims that the nature of his offenses "did not justify such a harsh sentence." Appellant's Br. at 12.

We disagree with Grissom's argument and his characterization of his sentence. In negotiating his plea, Grissom specifically agreed to a nine-year cap, and he cannot now complain that a sentence within the parameters of his plea agreement is "harsh." Regarding his offenses, Indiana Code Section 35-42-2-1 provides in pertinent part that a person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a class B misdemeanor, but the offense is a class C felony "if it results in bodily injury to a pregnant woman and the person knew the woman was pregnant." "'Bodily injury' means any impairment of physical condition, including physical pain." Ind. Code § 35-41-1-4 (now Ind. Code § 35-31.5-2-29). Indiana Code Section 35-42-2-1.3 provides in pertinent part that a person who knowingly or intentionally touches an individual who is or was a spouse of the other person in a rude, insolent, or angry manner that results in bodily injury to the other person commits domestic battery, a class A misdemeanor.

Grissom himself acknowledges that he "struck, punched, grabbed, head butted, threw and shook his pregnant wife over a five-day period"; that "[s]he twice had to seek medical attention during that period"; and that she "suffered an eye swollen shut, heavy bruising, and abrasions," as well as contractions. Appellant's Br. at 12. Grissom's actions and his wife's injuries are far more serious than those contemplated by the baseline statutory definitions of class C felony and class A misdemeanor battery. As such, the violent nature of Grissom's offenses justifies his nine-year sentence.

7

Regarding Grissom's character, he has a relatively minor criminal history that has escalated over time. As a fifteen-year-old in 2003, he had a true finding for illegal possession/consumption of alcohol while operating a motor vehicle, a class C misdemeanor if committed by an adult, and violated his probation. As an adult, he was found guilty of the same offense in July 2008 and again violated probation. In August 2009 he was found guilty of class B misdemeanor criminal mischief. In June 2010 he was found guilty of class A misdemeanor intimidation, which he committed against his father, and was placed on probation. He violated probation yet again and was found guilty of class B misdemeanor public intoxication in February 2011. He was on probation when he committed the current offenses. Clearly, Grissom has demonstrated an inability to comply with the law and the conditions of probation and has graduated from committing low-level substance and property offenses to committing serious personal offenses against family members. He lied to police about the identity of his wife's assailant, and his wife testified at the sentencing hearing that he threatened to kill her, her unborn baby, and other members of their family if she reported him to the authorities. To put it mildly, all of this reflects unfavorably on Grissom's character.

Grissom was diagnosed with mental health issues and was prescribed medication, but he misused those drugs and combined them with illegal drugs and alcohol and never participated in mental health counseling. Grissom has used drugs and alcohol since childhood but has never participated in a substance abuse program. Grissom has been unemployed since 2009 and admitted that "most of his friends have a legal history."

Appellant's App. at 119. Based on the Indiana Risk Assessment Community Supervision Tool, the probation officer who completed the PSI determined that Grissom was in the "VERY HIGH risk category to reoffend." *Id*.

Grissom pled guilty to the current offenses, but he waited almost a year to do so and reaped a substantial benefit from his plea.[1] Grissom obtained his GED and completed various faith-based and self-improvement programs while awaiting trial, but we agree with the State that "these achievements, all completed in the controlled environment of the jail, do not make up for the shortcomings of [his] character and the horrendous nature of the

---

[1] Grissom asserts,

> A defendant who willingly enters a plea of guilty has extended a substantial benefit to the State and deserves to have a substantial benefit extended to him in return. *Scheckel v. State*, 655 N.E.2d 506, 511 (Ind. 1995). While a number of counts were dismissed under the terms of the plea agreement, the plea agreement offered little benefit to Grissom. All of the counts were connected and closely related in time (over a five-day period), place (all occurred in Clay County), and circumstance (all involved attacks or threats by Grissom). Given the episodic nature of the offenses, Grissom's maximum sentence, even if he had been convicted of all 11 counts, would have been 10 years.

Appellant's Br. at 14-15 (citing Ind. Code § 35-50-1-2(c)) (citations to transcript and appendix omitted). We disagree with this assertion. Indiana Code Section 35-50-1-2(c) provides in pertinent part that

> except for crimes of violence, the total of the consecutive terms of imprisonment … to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted[,]

which in this case would be the ten-year advisory sentence for a class B felony. Ind. Code § 35-50-2-5. Grissom was not charged with any crimes of violence, as defined in Indiana Code Section 35-50-1-2(a). Indiana Code Section 35-50-1-2(b) defines "episode of criminal conduct" as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Grissom cites no authority for the proposition that four separate batteries (interspersed with two emergency room visits) on four different days in a five-day period constitute an episode of criminal conduct. In fact, we have said that "[s]eparate offenses are not part of a single 'episode of criminal conduct' when a full account of each crime can be given without referring to the other offenses." *Reeves v. State*, 953 N.E.2d 665, 671 (Ind. Ct. App. 2011), *trans. denied*. That is the case with Grissom's batteries, and thus he was facing a possible thirty-two-year sentence for the four class C felonies alone.

9

offense[s]." Appellee's Br. at 12. In sum, Grissom has failed to persuade us that his sentence is inappropriate. Therefore, we affirm.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.