**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 29 2014, 10:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GARY L. GRINER**
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RICHARD DODD, )
)
    Appellant-Defendant, )
)
      vs. )    No. 71A03-1312-CR-475
)
STATE OF INDIANA, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause Nos. 71D02-9712-CF-550, 71D02-1106-PC-29

**July 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Richard Dodd appeals the trial court's resentencing order, which imposed the same sentence as his original sentence. Dodd claims that the trial court abused its discretion at resentencing when it failed to find certain alleged mitigating factors. We affirm.

**Facts and Procedural History**

In December 1997, Dodd burglarized a gas station while trying to steal a snowmobile. Officer Brent Croymans responded to the burglar alarm. Dodd fired seventeen to eighteen gunshots at Officer Croymans, one of which hit his protective vest. The State charged Dodd with attempted murder, a class A felony, and burglary, a class C felony. A jury found him guilty as charged.

Dodd was twenty-five years old when he committed those offenses. In 1990, he committed two class C felony burglaries. Dodd received an aggregate sentence of six years' probation for the burglaries. In January 1991, Dodd committed another class C felony burglary, and his probation was revoked. In June 1991, he was sentenced for the January burglary to four years in the Department of Correction ("DOC") with two years' probation. Dodd was released in April 1995, and his probation ended in April 1997. In June 1997, Dodd was convicted of operating a vehicle while intoxicated, a class A misdemeanor, and sentenced to one year of probation. Dodd was still on probation when he committed the attempted murder and burglary offenses. Dodd also reported using LSD, cocaine, marijuana, and alcohol to the presentence investigation report ("PSI") investigator and that he was using drugs on the night of the attempted murder.

2

At the original sentencing hearing the trial court found five aggravating factors: (1) Dodd's multiple probation revocations; (2) Dodd's history of criminal activity, which included three felony convictions for burglary; (3) Dodd used a deadly weapon during the burglary and attempted murder of Officer Croymans; (4) Dodd was on probation when he committed the present offenses; and (5) Dodd committed an act that was "intentionally and alarmingly malicious" and "void of any respect for human life" when he repeatedly fired in an attempt to kill Officer Croymans. Original Sentencing Tr. at 453. The trial court found no mitigating factors. Dodd was sentenced to the maximum term of fifty years for attempted murder and the maximum term of eight years for the burglary. The trial court ordered these two sentences to be served consecutively for a total term of fifty-eight years.

On direct appeal, Dodd's original sentence was upheld. He then filed a motion to correct erroneous sentence, which was denied. This Court granted him permission to file a successive petition for postconviction relief. The postconviction court found that the consecutive sentences imposed on Dodd exceeded the maximum sentence permitted for an episode of criminal conduct and remanded for resentencing. *See* Ind. Code § 35-50-1-2 (defining and setting sentencing limits for episode of criminal conduct). The trial court ordered a resentencing hearing. The trial court also ordered a supplemental PSI, which noted that Dodd, while incarcerated, claimed to have completed several programs and courses in order to earn his associate's and bachelor's degrees. The PSI also noted that based on Dodd's criminal history, education, employment, financial situation, and other factors, he

3

was classified in the high-risk category to reoffend under the Indiana Risk Assessment System.

At resentencing, the trial court noted that the original trial judge had found the aggravating factors to outweigh the mitigating factors, which we later upheld. The trial court used this as a "starting point" during its resentencing. Resentencing Tr. at 15. The trial court stated:

> And I don't want to confuse in resentencing the things that you may have done in the DOC and your conduct there with what the appropriate sentence is here. Because I think sentencing and modification are two separate issues. But in my review of the criminal history, my review of the facts and circumstances of this offense based on the pre-sentence report, my review of the Court of Appeals decision in this case and my sort of incorporating what Judge Brook found, based upon him being the trial judge, it seems to me that I agree with not only Judge Brook and the Court of Appeals, that the sentence should be a fifty-five year sentence.

*Id*. at 18-19. The trial court imposed consecutive sentences of fifty years for the attempted murder and five years for the burglary, for a total of fifty-five years, the maximum sentence for this episode of criminal conduct. Dodd now appeals.

**Discussion and Decision**

Dodd alleges that the trial court failed to consider several mitigating factors. Sentencing decisions are within the trial court's discretion and will be reversed only for an abuse of discretion. *Hayden v. State*, 830 N.E.2d 923, 928 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs when the sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *McElroy v. State*, 865 N.E.2d 584, 588 (Ind.

4

2007). The finding of mitigating circumstances is within the discretion of the trial court. *Hackett v. State*, 716 N.E.2d 1273, 1277-78 (Ind. 1999). The trial court is also responsible for determining the appropriate weight to give aggravating and mitigating circumstances. *McCoy v. State*, 856 N.E.2d 1259, 1262 (Ind. Ct. App. 2006). An allegation that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Hackett*, 716 N.E.2d 1277-78. The trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating circumstance. *Id.*

Dodd first contends that the trial court should have considered letters of support from himself, his mother, his sister, and a friend as mitigating factors. But Dodd failed to mention these letters at the resentencing hearing. The trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing. *Anglemyer v. State*, 868 N.E.2d 482, 492 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

Dodd also contends that the trial court did not take his positive conduct after the original sentencing hearing into account during resentencing. Dodd claims that the trial court was under the misunderstanding that it could not consider Dodd's behaviors after his original sentence hearing. We acknowledge that evidence of a defendant's conduct after the original sentencing date may be considered at resentencing. *Ousley v. State*, 807 N.E.2d 758, 760-761 (Ind. Ct. App. 2004). However, we find no abuse of discretion here because Dodd admitted that he "gotten in trouble" in prison. Resentencing Tr. at 12. He also offered no verification for the classes that he has allegedly completed. As the State points out, Dodd has

5

likely received credit against his sentence for his degrees and has failed to specify which of these classes, if any, were optional or required by the DOC.

Finally, Dodd claims that he has demonstrated remorse for his actions. We have said that the trial court is in the best position to determine whether a defendant is truly remorseful. *Mead v. State*, 875 N.E.2d 304, 309-10 (Ind. Ct. App. 2007). At the hearing, Dodd mentioned Officer Croyman only once and focused mainly on himself and his family. Hence, we give deference to the trial court on this matter and find no abuse of discretion.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in resentencing Dodd. Therefore, we affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.