## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 11 2017, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

David Streeter
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Streeter,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 11, 2017

Court of Appeals Case No.
44A04-1605-CR-1179

Appeal from the LaGrange
Superior Court

The Honorable Lisa M. Bowen-Slaven

Trial Court Cause No.
44D01-0011-CF-49

**May, Judge.**

[1]     David Streeter, *pro se*, appeals the trial court's denial of his Verified Petition for

Permission to File Belated Notice of Appeal and For Appointment of Counsel

at County Expense. Because Streeter did not demonstrate he (1) was not at fault for the failure to timely file a notice of appeal and (2) was diligent in requesting to file a belated direct appeal, the trial court did not err in denying his petition for permission to file a belated direct appeal.[1] Nor has Streeter demonstrated the trial court was required to appoint counsel to assist Streeter with his Post-Conviction Rule 2 petition or to hold a hearing prior to denying his petition. We therefore affirm.

# Facts and Procedural History

[2] Streeter pled guilty on April 3, 2002, to Class A felony child molesting,[2] two counts of Class C felony child molesting,[3] and to being a repeat sexual offender,[4] in exchange for the State's agreement to concurrent sentences on the three counts of child molesting. On May 20, 2002, the trial court sentenced Streeter to fifty years on the Class A felony, to be served concurrent with two concurrent eight-year sentences for the Class C felonies and consecutive to a

---

[1] Streeter's brief also provides argument on five issues regarding the merits of his underlying convictions and sentence: double jeopardy, inappropriate sentence, ineffective assistance of counsel, the constitutionality of his repeat-offender sentence enhancement, and an alleged failure to have him undergo psychological testing. However, the only issues before us are those pertinent to whether the trial court erred when denying his petition to file a belated notice of appeal, and the merits of any underlying issues are not relevant to that determination. *See* Indiana Post-Conviction Rule 2(1) (defining requirements for filing belated notice of appeal, and those requirements do not include demonstration of meritorious issues). Thus, we do not address those five issues from Streeter's brief.

[2] Ind. Code § 35-42-4-3 (1998).

[3] Ind. Code § 35-42-4-3 (1998).

[4] Ind. Code § 35-50-2-14 (1999).

ten-year enhancement for Streeter being a repeat sexual offender. Thus, Streeter's aggregate sentence was sixty years. At sentencing, Streeter was advised of his right to file a direct appeal of his sentence and of his right to counsel on that appeal.

[3] Streeter did not file a direct appeal. In 2006, Streeter filed a Petition for Post-Conviction Relief that was denied in 2011, and we affirmed that denial on appeal. *See Streeter v. State*, Cause No. 44A04-1110-PC-640 (Ind. Ct. App. May 28, 2013), *trans. denied*. In April 2014, Streeter filed a motion to correct erroneous sentence, which was denied by the trial court in August 2014, and we affirmed the trial court's denial in October 2015. *Streeter v. State*, Cause No. 44A03-1408-CR-291 (Ind. Ct. App. October 2, 2015), *trans. denied*.

[4] On December 28, 2015, Streeter filed the verified petition at issue, claiming he was not competent to plead guilty, he had been diligent in pursuing a direct appeal, and he was entitled to counsel. The trial court forwarded Streeter's petition to the State Public Defender and, thereafter, the Public Defender filed a Notice of Non-Representation. The State objected to Streeter's requests for relief and, on April 22, 2016, the trial court denied his petition.

# Discussion and Decision

## I. Denial of Petition

[5] Indiana Post-Conviction Rule 2(1) governs belated notice of appeals. It provides:

An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;

(1) the defendant failed to file a timely notice of appeal;

(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Defendants who seek relief under this Rule have "the burden of proving by a preponderance of the evidence" they: (1) were without fault in the failure to file timely, and (2) were diligent in requesting permission to file belated notices of appeal. *Moshenek v. State*, 868 N.E.2d 419, 423-24 (Ind. 2007), *reh'g denied*.

[6]     A trial court's decision whether to grant permission to file a belated notice of appeal is reviewed for an abuse of discretion. *Id.* at 424-25. "When the trial court holds a hearing, we defer to [its] discretion in weighing the evidence and judging witness credibility." *Mead v. State*, 875 N.E.2d 304, 307 (Ind. Ct. App. 2007). However, when no hearing is held, "the only basis for its decision is the paper record attached to the petition." *Id.* In such a circumstance, our review of the trial court's decision is *de novo*. *Cruite v. State*, 853 N.E.2d 487, 490 (Ind. Ct. App. 2006), *trans. denied*. As such, we owe the trial court's findings "no deference." *Amphonephong v. State*, 32 N.E.3d 825, 831 (Ind. Ct. App. 2015); *see also Moshenek*, 868 N.E.2d at 424 ("The Court of Appeals owed no deference to

the trial court's factual determinations because they were based on a paper record.").

[7] There exists "substantial room for debate as to what constitutes diligence and lack of fault" for purposes of Post-Conviction Rule 2. *Moshenek*, 868 N.E.2d at 424. Some factors that may be considered are "the defendant's awareness of his procedural remedy; age; education; familiarity with the legal system; whether the defendant was informed of his appellate rights; and whether he committed an act or omission which contributed to the delay." *Ricks v. State*, 898 N.E.2d 1277, 1280 (Ind. Ct. App. 2009). The trial court determined Streeter had not demonstrated he was entitled to file a belated notice of appeal and, based on our *de novo* review of the record, we agree.

[8] Streeter admits he was advised of his right to file a direct appeal at his sentencing hearing. At that time, he was thirty-eight years old and had been convicted of at least one other crime. He subsequently filed both a petition for post-conviction relief under Post-Conviction Rule 1 and a motion to correct erroneous sentence under Post-Conviction Rule 2. Streeter has not provided evidence to demonstrate by a preponderance of the evidence that he was not responsible for his failure to timely file a notice of appeal.

[9] Nor has Streeter demonstrated he was diligent in pursuing relief. Factors relevant to a diligence inquiry include the overall passage of time, the extent to which the defendant was aware of relevant facts, and the degree to which delays are attributable to other parties. *Moshenek*, 868 N.E.2d at 423. "When

the overall time stretches into decades, a belated appeal becomes particularly problematic because of the risk that significant problems will be encountered in any retrial due to unavailable evidence or witnesses or failing memories." *Id*. Here, Streeter waited thirteen years to pursue a direct appeal after being advised of his right to appeal. His only explanation for that delay is that he was pursuing other avenues of relief because that is what other inmates had told him to do. In light of the fact the trial court advised him of his right to appeal, we find that explanation inadequate to justify a thirteen-year delay.

## II. Procedural Challenges

[10] Finally, we find no merit to Streeter's claims that, before the trial court could deny his petition, it was required to hold a hearing and appoint counsel to assist him. Post-Conviction Rule 2 does not require the trial court hold a hearing. *See* P.-C. R. 2(1)(d) ("*If* a hearing is held . . . it shall be conducted according to Ind. Post-Conviction Rule 1(5).") (emphasis added); *Green v. State*, 593 N.E.2d 1237, 1238 (Ind. Ct. App. 1992) ("The rule does not require the court to conduct a hearing…."), *trans. denied*. The trial court referred Streeter's petition to the State Public Defender, who declined to represent him and who does not have a duty to represent a defendant if its review of the record leads it to determine the Rule "2 petition is not meritorious or in the interest of justice." *Kling v. State*, 837 N.E.2d 502, 508 (Ind. 2005).

# Conclusion

Streeter has failed to convince us the trial court committed error when denying his petition to file a belated notice of appeal. Accordingly, we affirm.

Affirmed.

Najam, J., and Bailey, J., concur.