Anthony SETTLES, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A05–0211–CR–552.

Court of Appeals of Indiana.

July 17, 2003.

William C. Menges, Jr. Public Defender, Kokomo, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Anthony Settles appeals the sentence imposed by the trial court after he pleaded guilty to aggravated battery, a class B felony.

We affirm.

### ISSUE

Whether the trial court erred by improperly finding aggravating circumstances, ignoring mitigating factors, and failing to weigh the factors such that it imposed an improper sentence.

### FACTS

Late in the evening of March 10, 2001, deputies from the Howard County Sheriff's Department arrived at a Kokomo residence in response to a report of a possible stabbing. David Vary was found lying on the ground with "stab wounds to the upper torso, and a large open wound down the center of [his] belly" through which "his internal organs were protruding." (App.12, 11). Vary stated that Settles had attacked him.

The State originally charged Settles with battery with a deadly weapon, a class C felony. Subsequently, the State filed additional counts of attempted murder, an A felony, and aggravated battery, a class B felony. The State eventually dismissed the first two counts, and Settles indicated his desire to plead guilty to the aggravated battery. At a hearing on July 23, 2002, the reports attached to the probable cause affidavit were admitted to establish a factual basis for Settles' plea; by stipulation Settles admitted these were accurate. The trial court then accepted Settles' guilty plea and entered judgment of conviction.

Sentencing took place on October 21, 2002. Vary testified that Settles had stabbed him 17 times, that the first stab wound had "eviscerated" him, and that the stab wound "in the left hip" had left him

"with a paralyzed left foot and no feeling in the left leg." (Tr. 9). Vary further testified that he had been hospitalized for more that three months and had undergone six major surgeries; was rendered disabled by the attack; had been "devastated financially"; had more than $100,000 in medical bills that were not covered by insurance; and that his marriage had suffered from the circumstances. (Tr. 10). Settles proffered evidence that he had completed various counseling programs during his incarceration since the attack. The trial court also had a pre-sentence investigation report dated November of 2001 and an update to that report dated September 17, 2002.

The trial court found Settles' criminal history of "a number of arrests, convictions ... from 1981 through 1991" to be "an aggravating factor" because it indicated Settles' lack of "respect for the law." (Tr. 52). The trial court also found "as an aggravating" circumstance "that imposition of a reduced sentence would depreciate the seriousness of the offense," noting that initially it had "consider[ed] a much lighter sentence." (Tr. 53). Finally, the trial court found that the severity of the victim's injuries was an aggravating factor, and that "an attempted murder charge was dismissed by the State in return for your pleading guilty to this." (Tr. 53). The trial court "considered" the testimony about Settles' "rehabilitation since the crime" and that "his last conviction was 12 years ago" but found neither of those circumstances "as mitigating in this instance." It then sentenced Settles to the maximum term for the B felony offense: twenty years.

### DECISION

■ Sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Buchanan v. State*, 767 N.E.2d 967, 970 (Ind.2002). It is within the trial court's discretion to determine whether a presumptive sentence will be enhanced due to aggravating factors. *Id.* When the trial court does enhance a sentence, it must "(1) identify significant aggravating and mitigating circumstances; (2) state the specific reasons why each circumstance is aggravating or mitigating; and (3) evaluate and balance the mitigating against the aggravating circumstances to determine if the mitigating offset the aggravating circumstances." *Id.* (quoting *Charlton v. State*, 702 N.E.2d 1045, 1052 (Ind.1998)). And, because "reasonable minds may differ due to the subjectivity of the sentencing process, it is generally inappropriate for us to merely substitute our opinions for those of the trial judge." *Buchanan*, 767 N.E.2d at 970.

■ At the outset, we note that Settles does not acknowledge that the trial court identified the nature and circumstances of the crime—specifically the severity of Vary's injuries—as an aggravating circumstance. Although the trial court's syntax in that regard is not crystal clear, we read the trial court's statement to find that "the severity of the wounds" that left Vary's "intestines coming out in the front yard" was a circumstance it found to be aggravating. The nature of the crime is "appropriately considered ... as an aggravating circumstance." *Bailey v. State*, 763 N.E.2d 998, 1004 (Ind.2002). Thus, facts evidencing the particular brutality of an attack may be considered as an aggravating circumstance when sentencing a defendant for aggravated battery. *Id.; see also Benton v. State*, 691 N.E.2d 459, 464 (Ind.Ct.App.1998) (although bodily injury is an element of burglary, "the viciousness with which the injury was inflicted" could be considered as an aggravating circumstance to enhance the sentence

therefor). Moreover, in *Vasquez v. State*, 762 N.E.2d 92, 97 (Ind.2001), our supreme court described the "nature and circumstances of the crime" aggravator as being generally "associated with particularly heinous facts or situations." Based upon the facts before the trial court here, we find that it did not improperly consider the severity of the victim's injuries as an aggravator.

Settles does acknowledge that the trial court identified his prior criminal history as an aggravator, but he emphasizes that his "last conviction was 12 years before the instant offense." Settles' Br. at 9. The record indicates that the trial court received an initial pre-sentence investigation report and a subsequent update. However, Settles provided us with only the latter in his Appendix. Thus, to the extent Settles invites us to consider the proper weight to be given his criminal history, we lack sufficient information to do so. Further, in *Buchanan*, our supreme court held that the trial court could consider the defendant's criminal history as an aggravator even though he had not been convicted of any felonies for a period of thirty-six years or of a misdemeanor for nineteen years. 767 N.E.2d at 972. Such was "within the ambit of [the trial court's] discretion." *Id.*

Settles claims that the trial court improperly considered as an aggravator that imposition of a reduced sentence would depreciate the seriousness of his crime because the trial court did not actually consider reducing the sentence. If the trial court indeed considered this fact as an aggravator, its use for that purpose is arguable.[1] *See Johnson v. State*, 725 N.E.2d 864, 868 (Ind.2000). Settles also argues that the trial court improperly considered the dismissal of the attempted murder charge "in return for" his pleading guilty to aggravated battery, (Tr. 53), when "nothing in the record" indicated such had occurred. Settles' Br. at 10. The trial court's conclusion is a reasonable inference based upon the record of three charges filed by the State, the dismissal of two, and Settles' guilty plea to the third. However, the State proffers no authority to support the use of such a consideration. Accordingly, we will accept that its propriety here is also arguable. But even if the trial court considered two inappropriate aggravating factors, our supreme court has recently reaffirmed that "a single aggravating circumstance is adequate to justify a sentence enhancement." *Powell v. State*, 769 N.E.2d 1128, 1135 (Ind.2002).

Finally, Settles asserts that the trial court failed to give proper weight to his potential mitigators. The trial court has discretion in evaluating mitigating factors and must only include those it deems significant. *Bailey*, 763 N.E.2d at 1004. It was within the trial court's discretion to find that Settles' rehabilitation progress during his incarceration was not a significant mitigating factor. Further, inasmuch as the presumption is that persons will obey the law, it was within the trial court's discretion to decline to find that the lack of an arrest or conviction for a twelve-year period was a significant mitigating factor.

---

1. We note, however, that (1) the pre-sentence investigation report update from the probation report recommended a twelve-year sentence, with four years suspended; (2) Settles and his witnesses testified that Settles had changed since the attack on Vary, and Settles asked the sentence be that recommended by the probation department; and (3) Settles' counsel urged the court "to accept the recommendation that's been submitted by the probation department." (Tr. 49). After hearing the testimony, reviewing the report, and considering argument, the trial court expressly stated that the depreciate-the-seriousness-of-the-offense factor was "only to be used when we are considering a much lighter sentence *which we are today.*" (Tr. 59) (emphasis added).

816

The trial court did not abuse its discretion when it found no mitigating factors for the purpose of sentencing Settles. It found two proper aggravating factors: the nature and circumstances of the crime as evidenced by the injuries suffered by the victim, and Settles' criminal history. Standing alone, either a defendant's prior criminal record *or* the nature and circumstances of the crime is "sufficient to support the enhancement of a sentence". *Buchanan v. State*, 699 N.E.2d 655, 657 (Ind. 1998). Hence, we find no abuse of discretion here.

Affirmed.

SULLIVAN, J., and BAKER, J., concur.