**Jeffrey PADGETT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 29A02–0704–CR–305.

Court of Appeals of Indiana.

Oct. 23, 2007.

Transfer Denied Dec. 13 and Dec. 26, 2007.

Carl Epstein, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, Jeffrey Padgett (Padgett), appeals his convictions for child molesting, as a Class A felony, Ind.Code § 35–42–4–3(a)(1), and sexual misconduct with a minor, as a Class B felony, I.C. § 35–42–4–9(a)(1).

We affirm.

*ISSUES*

Padgett raises two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion in sentencing Padgett by failing to find certain mitigating circumstances and identifying one improper aggravating circumstance; and

(2) Whether the trial court: (a) failed to follow proper procedure, and (b) violated the federal Constitution's prohibition against *ex post facto* laws in determining that Padgett is a sexually violent predator under I.C. § 35–38–1–7.5 (2006).

*FACTS AND PROCEDURAL HISTORY*

Over a three-year period, Padgett, an adult, engaged in sexual contact with Z.W., a minor. Specifically, from October 2001 to October 2002, on more than one occasion per week, Padgett placed his mouth on Z.W.'s penis. Z.W. was thirteen years old at the time. Then, between October 2002 and October 2004, on more than one occasion per week, Padgett placed his penis in Z.W.'s mouth. Z.W. was fourteen and fifteen years old at the time. Z.W.'s parents were close friends with Padgett for more than twenty years. All of the sexual contact between Padgett and Z.W. took place at Padgett's house when Z.W. was entrusted to Padgett's care.

On May 20, 2005, the State filed an Information charging Padgett with Counts I and II, child molesting, as Class A felonies, I.C. § 35–42–4–3(a)(1); Counts III and IV, sexual misconduct with a minor, as Class B felonies, I.C. § 35–42–4–9(a)(1); and Count V, child molesting, as a Class C felony, I.C. § 35–42–4–3(b). On September 18, 2006, the day before his trial was to begin, Padgett entered into a plea agreement with the State, whereby he pled guilty to one count of child molesting, as a Class A felony, and one count of sexual misconduct with a minor, as a Class B felony.[1] In exchange for his guilty plea, the State agreed to dismiss the remaining charges. On the same date, the trial court held a guilty plea hearing and requested

certain changes be made to the plea agreement. On December 1, 2006, the trial court accepted a revised plea agreement and sentenced Padgett to thirty years for his conviction of child molesting, and to a consecutive ten years for his conviction of sexual misconduct with a minor. At the same time, the trial court took under advisement the State's request that it find Padgett to be a sexually violent predator.

On December 12, 2006, the trial court entered its Order Finding Defendant a Sexually Violent Predator Pursuant to I.C. § 35–38–1–7.5, stating in pertinent part:

1. Approximately three minutes before the end of the sentencing hearing in this cause on December 1, 2006, the State orally requested a finding that [Padgett] is a sexually violent predator pursuant to I.C. § 35–38–1–7.5. The [c]ourt expressed concern primarily about whether the State had given [Padgett] any notice that the State would request such a finding. Although the resulting colloquy arguably implicated constitutional issues involving [*ex post facto*] laws and double jeopardy, the thrust of the [c]ourt's concerns centered on the fundamental [due process] issues of notice—[*i.e.*] whether the State [informed Padgett it was going to request the sexually violent predator finding at his sentencing hearing]. After the State informed the [c]ourt that it had not so notified [Padgett], the [c]ourt set the State's request for hearing on December 15, 2006, with the parties permitted to file briefs on the issue on or before December 11, 2006.

---

1. The record indicates that while the time to enter a guilty plea had passed, the trial court was "gracious" and allowed Padgett to enter his guilty plea "at the last minute." (Transcript p. 109).

2. The State filed a brief on December 11, 2006, arguing that entering a sexually violent predator finding under the circumstances would satisfy both the state and federal constitutional prohibitions on [e]x [p]ost [f]acto [l]aws and [d]ouble [j]eopardy. The [c]ourt agrees with the State's analysis on both issues. Neither analysis, however, addressed the [c]ourt's primary concern that the State failed to notify [Padgett] that the State would request a sexually violent predator finding at the sentencing hearing. . . .

3. As of this Order, the [c]ourt has received no brief filed by [Padgett] on or before December 11, 2006.

[n. 1. By failing to file a brief on or before December 11, 2006, Padgett has waived his opportunity to contest the entry of a sexually violent predator finding against him even after the [c]ourt provided additional time for him to do so. The findings and conclusions in this Order will have sufficient basis, however, even if the [c]ourt later receives a brief from Padgett . . . that must be deemed as timely filed December 11, 2006].

4. Contrary to the information provided by the State at the end of the December 1st [sentencing] hearing, the [c]ourt's review of the record shows that the State unmistakably gave [Padgett] ample notice that a sexually violent predator finding would be part of these proceedings; even if affirmative notice was necessary, the State clearly met that obligation in this case. In the plea agreement tendered to the [c]ourt at the plea hearing on September 18, 2006, [Padgett] expressly agreed that he would "comply with all conditions of the Indiana sex offender registry statutes (I.C. [§§ ] 11–8–8–7 and 11–8–8–19[ ] ) and any successor statutes and any similar statutes in any other state in which the offender resides, *as well as all statutory requirements imposed upon sexually violent predators*" (emphasis added). In open court with [Padgett] personally present on September 18, 2006, the State added the italicized material in the preceding sentence to the plea agreement. Also pertinent is that, for purposes of the civil determinations envisioned by Title 11 of the Indiana Code, I.C. [§ ] 11–8–8–6 expressly states that, "[a]s used in this chapter, 'sexually violent predator' has the meaning set forth in [I.C. § ] 35–38–1–7.5." Accordingly, the [c]ourt finds that, at least as of September 18, 2006, [Padgett] had actual notice of the State's request for a finding that [he] is a sexually violent predator. Moreover, [Padgett] not only had notice of the sexually violent predator finding but indeed he specifically agreed to that finding by entering the plea agreement in this cause.

5. I.C. [§ ] 35–38–1–7.5 provides that person who is at least eighteen years old and commits any of several crimes—including child molesting . . . as either a Class A [or B] felony—"is a sexually violent predator." Here, [Padgett] was at least eighteen years old at the time of the charged conduct, and he has pled guilty to child molesting as a Class A felony. . . . The [c]ourt therefore specifically finds that [Padgett] is a sexually violent predator as defined by I.C. [§ ] 35–38–1–7.5.

(Appellant's App. pp. 20–22). The trial court subsequently adjudged Padgett a sexually violent predator, vacated the hearing set for December 15, 2006, and denied a Motion for Continuance filed by the State on December 12, 2006, as such Motion was now moot.

Padgett now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Sentence*

Padgett disputes his sentence, specifically arguing that the trial court failed to find or give appropriate weight to the following proffered mitigators: (1) his guilty plea; (2) his lack of a criminal record; and (3) the undue hardship that would befall his family during his incarceration. In addition, Padgett asserts that the trial court improperly considered his delay in pleading guilty as an aggravator, and generally improperly balanced the aggravators and mitigators in his case.

### A. *Standard of Review*

■ In evaluating Padgett's contention, we must first address a recent change in Indiana's criminal sentencing scheme. Our legislature responded to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), by amending our sentencing statutes to replace "presumptive" sentences with "advisory" sentences, effective April 25, 2005. *Weaver v. State*, 845 N.E.2d 1066, 1070 (Ind.Ct.App.2006), *trans. denied.* Under the new advisory sentencing scheme, "a court may impose any sentence that is authorized by statute and permissible under the Indiana Constitution 'regardless of the presence or absence of aggravating circumstances or mitigating circumstances.'" *Id.* (quoting I.C. § 35–38–1–7.1(d)). Thus, while under the previous presumptive sentencing scheme, a sentence was required to be supported by *Blakely*-appropriate aggravators and mitigators, under the new advisory sentencing scheme, a trial court may impose any sentence within the proper statutory range regardless of the presence or absence of aggravators or mitigators.

In the instant case, Padgett committed the crime of which he was convicted before the date the new sentencing scheme took effect, but was sentenced after this date. Although our supreme court has not yet definitely addressed the question whether the advisory sentencing scheme should be applied retroactively, it has nevertheless indicated its view on the issue. In footnote 4 of *Gutermuth v. State*, 868 N.E.2d 427, 435 n. 4 (Ind.2007), the court states

> The General Assembly responded to the decision in *Smylie*[, 823 N.E.2d 679 (2005) ] by changing our state's sentencing statute to replace "presumptive" with "advisory" sentences. We noted this change in a footnote in a recent opinion. We stated that "[w]e apply the version of the statute in effect at the time of Prickett's sentence." *Prickett v. State*, 856 N.E.2d 1203, 1207 n. 3 (Ind. 2006). This language has appeared to cause some confusion. In *Prickett*, both the crime and the sentencing pre-dated the enactment of the new regime. This was not meant to question the long-standing rule that the sentencing statute in effect at the time a crime is committed governs the sentence for that crime. *Smith v. State*, 675 N.E.2d 693, 695 (Ind. 1996) (citing *Jackson v. State*, 257 Ind. 477, 484, 275 N.E.2d 538, 542 (1971)). Because both the crime and the sentencing in *Prickett* pre-dated the enactment of the new regime, the same statute was in effect at the time of Prickett's sentence and his crime. Had the new statute become effective between the date of Prickett's crime and his sentencing, the version of the statute in effect at the time of Prickett's crime would have applied.

■ While we acknowledge that "footnotes are comments upon the text rather than a part of it," such footnotes, as are indicative of an intent to benefit the bench

and bar, are deserving of "respect from an intermediate court and require [ ] special consideration." *Ewing v. State*, 171 Ind. App. 593, 358 N.E.2d 204, 206 (1976); *see also Townsend v. State*, 860 N.E.2d 1268, 1274 (Ind.Ct.App.2007), *trans. denied*. In light of our supreme court's clear intent approving that any sentence imposed after April 25, 2005 must be viewed under the pre-existing sentencing scheme if the offense for which the sentence is being imposed was committed prior to April 25, 2005, we will review Padgett's sentencing under the presumptive sentencing scheme.

Sentencing decisions are within the trial court's discretion, and we will reverse only for an abuse of discretion. *Moyer v. State*, 796 N.E.2d 309, 312 (Ind. Ct.App.2003). It is within the trial court's discretion to determine whether a presumptive sentence will be enhanced due to aggravating factors. *Settles v. State*, 791 N.E.2d 812, 814 (Ind.Ct.App.2003). When the trial court does enhance a sentence, it must: (1) identify significant aggravating and mitigating circumstances; (2) state the specific reasons why each circumstance is aggravating or mitigating; and (3) evaluate and balance the mitigating against the aggravating circumstances to determine if the mitigating offset the aggravating factors. *Id.* It is generally inappropriate for us to substitute our opinions for those of the trial judge, as "reasonable minds may differ due to the subjectivity of the sentencing process." *Id.* (quoting *Buchanan v. State*, 767 N.E.2d 967, 970 (Ind.2002)).

### B. *Analysis*

In the present case, Padgett was convicted of child molesting, as a Class A felony, and sexual misconduct with a minor, as a Class B felony. A Class A felony carries a presumptive sentence of thirty years, with not more than twenty years added for aggravating circumstances or not more than ten years subtracted for mitigating circumstances; while a Class B felony carries a presumptive sentence of ten years, a minimum sentence of six years, and a maximum sentence of twenty years. I.C. §§ 35–50–2–4; 35–50–2–5. Here, the trial court imposed the presumptive sentence for each conviction and ordered the sentences to be served consecutively, for an aggregate sentence of forty years.

Our review of the record reveals that at the sentencing hearing the trial court explained its reasons for imposing this sentence. First, in light of Padgett's admission of child molesting in this case, as well as in two other cases, over a twenty-year period of time, the trial court noted Padgett's likelihood of re-offending as a significant aggravating factor. Second, the trial court found as an aggravator that Padgett was in a position of care, custody, and trust to the victim. Additionally, although the trial court stated that it would not find such "steps" as an aggravating circumstance, it did state that Padgett's pre-trial conduct and apparent "lack of desire to admit liability upon the filing of this case" called his credibility into question. (Transcript pp. 116, 117). As for mitigators, the trial court found none. Finally, the trial court stated, "[b]ecause of the nature and the circumstances of this crime, because of your past history and your likeliness to re-offend, [the trial court] find[s] that these sentences should be served [consecutively]." (Tr. p. 120).

Even though we acknowledge that a trial court is not required to find mitigating factors or to accept as mitigating the circumstances proffered by the defendant, we will nevertheless address Padgett's claims with regard to the trial court's perceived omitted mitigating circumstances. *Gray v. State*, 790 N.E.2d 174, 178 (Ind.Ct.App.2003). Padgett ar-

gues that the trial court erred in not recognizing or giving proper weight to the mitigator that he pled guilty. Our supreme court has held that trial courts should be "inherently aware of the fact that a guilty plea is a mitigating circumstance." *Primmer v. State,* 857 N.E.2d 11, 16 (Ind.Ct.App.2006), *trans. denied* (quoting *Francis v. State,* 817 N.E.2d 235, 237 n. 2 (Ind.2004)). However, a guilty plea is not inherently considered a significant mitigating factor. *Id.* In addition, the significance of a guilty plea is lessened if it is made on the eve of trial after the State has expended resources in preparing its case. *Primmer,* 857 N.E.2d at 16. In the case before us, the record indicates that Padgett did not plead guilty until the eve of trial. Thus, we conclude the trial court did not abuse its discretion by not finding his guilty plea to be a significant mitigating factor.

▪ Padgett also contends that the trial court erred in failing to recognize two additional mitigators he proffered at his sentencing hearing: (1) his lack of a criminal history; and (2) the undue hardship to his family as a result of his incarceration. In the present case, the record does not support the contention that Padgett's lack of a criminal record should be considered mitigating or significant. Rather, the record reveals that Padgett admitted to molesting another young boy in the mid-to-late 1990's, pleading guilty to charges in that case as well. Even though Padgett was only recently convicted in both cases, the record clearly shows he has a history of engaging in criminal conduct. Therefore, we conclude the trial court did not abuse its discretion in failing to recognize Padgett's lack of criminal history as a mitigator.

▪ Continuing our analysis, we do find evidence in the record that incarceration will cause undue hardship to Padgett's dependents; however, because such evidence does not support the conclusion that this mitigator is significant, we cannot say the trial court abused its discretion in failing to recognize it. *See Plummer v. State,* 851 N.E.2d 387, 391 (Ind.Ct.App.2006) (trial courts only required to identify those aggravating and mitigating factors they find significant). In particular, we note the trial court's concern for Padgett's "past, present, and potential future conduct"—mainly, the probability of his reoffending—and conclude that the risk to society, specifically children, outweighs the hardship his incarceration creates for his family. (Tr. p. 117).

▪ Next, we address Padgett's assertion that the trial court improperly considered Padgett's preparation for trial, *i.e.* hiring a personal investigator and taking depositions, to be an aggravator. In our examination of the record, we find that the trial court specifically stated it was not identifying such "steps" as an aggravator, but rather considering Padgett's delay in entering a guilty plea as potentially harmful to his credibility and genuineness of his expressed remorse. (Tr. p. 116). Therefore, we find no abuse of discretion by the trial court in this respect.

In his final argument, Padgett contends that the trial court failed to properly balance the aggravators and mitigators. We find no logic or merit in this argument, as the record discloses that the trial court did not identify any mitigators in his case. In summary, we conclude that the trial court did not abuse its discretion in sentencing Padgett.

## II. *Sexually Violent Predator*

Next, Padgett claims the trial court erred in determining he is a sexually violent predator under the 2006 version of I.C. § 35–38–1–7.5. Specifically, Padgett asserts that the trial court was required to

conduct a hearing and consult with a board of experts before deciding whether he is a sexually violent predator. In addition, Padgett contends that application of I.C. § 35–38–1–7.5 in his case violates the *Ex Post Facto* Clause of the United States Constitution because the 2006 version of this statute was enacted after he was charged with the offenses.

At the time Padgett was sentenced, I.C. § 35–38–1–7.5 read, in pertinent part, as follows:

(a) As used in this section, "sexually violent predator" means a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly engage in any of the offenses described in I.C. § 11–8–8–5. . . .

(b) A person who:

(1) being at least eighteen (18) years of age, commits an offense described in:

\* \* \*

(C) I.C. § 35–42–4–3 as a Class A or Class B felony

\* \* \*

is a sexually violent predator.

(c) This section applies whenever a court sentences a person for a sex offense . . . for which the person is required to register with the local law enforcement authority. . . .

(d) At the sentencing hearing, the court shall determine whether the person is a sexually violent predator under subsection (b).

(e) If the court does not find the person to be a sexually violent predator under subsection (b), the court shall consult with a board of experts consisting of two (2) board certified psychologists or psychiatrists who have exper-

tise in criminal behavioral disorders to determine if the person is a sexually violent predator under subsection (a).

### A. *Opportunity to be Heard*

■ Padgett first contends the trial court did not follow proper procedure under the aforementioned statute because it did not find that he was a sexually violent predator at the sentencing hearing, but rather did so after taking the request for such a finding under advisement and allowing the parties time to submit briefs on the issue. Padgett's specific argument herein is that by not making the determination at the sentencing hearing, the trial court denied him the opportunity to be heard. We find this argument meritless, as the record makes clear that Padgett was given the opportunity to be heard at the sentencing hearing. In fact, it is the discussion that took place at the sentencing hearing that led the trial court to take the sexually violent predator finding under advisement in order to give Padgett ample opportunity to dispute such a finding through legal research and submission of a brief. Despite being given this second opportunity to be heard, the record indicates that Padgett failed to submit a brief to the trial court in the allotted time. Consequently, it is our opinion that if he was so truly insistent on being heard on this issue, he would have submitted a brief in a timely manner. Thus, under the circumstances, we conclude the trial court did not deny Padgett an opportunity to be heard and did not err in delaying its sexually violent predator finding until after the sentencing hearing.

### B. *Ex Post Facto Violation*

■ Padgett's final argument is that application of the 2006 version of I.C. § 35–38–1–7.5 in his case violates the federal Constitution's prohibition against *ex*

*post facto* laws because a different version of the statute was in effect at the time he was charged with the instant offenses in 2005. Specifically, the 2005 version of I.C. § 35–38–1–7.5 did not allow for a sexually violent predator finding without the trial court consulting a board of experts consisting of two psychologists or psychiatrists who have expertise in criminal behavioral disorders.

 Article I, § 10 of the United States Constitution prohibits the States from enacting laws with certain retroactive effects. *Minton v. State*, 802 N.E.2d 929, 933 (Ind.Ct.App.2004), *trans. denied.* Similarly, the Indiana Constitution provides, " 'No *ex post facto* law ... shall ever be passed.' " Ind. Const. Art. I, § 24. Our analysis of an *ex post facto* claim is the same under both the federal and Indiana constitutions. *Minton*, 802 N.E.2d at 933. Our supreme court has held that "[a] law is *ex post facto* if it 'substantially disadvantages a defendant because it increases his punishment, changes the elements of or ultimate facts necessary to prove the offense, or deprives a defendant of some defense or lesser punishment that was available at the time of the crime.' " *Stroud v. State*, 809 N.E.2d 274, 288 (Ind.2004). The focus of our inquiry is not whether a legislative change produced a disadvantage for the defendant, but rather whether such change altered the definition of criminal conduct or increased the penalty by which a crime is punishable. *Minton*, 802 N.E.2d at 934. Additionally, we note that the prohibition against *ex post facto* laws is not limited to substantive statutes; instead, it encompasses any law in which the effect is to "make innocent acts criminal, alter the nature of the offense, or increase the punishment." *Stroud*, 809 N.E.2d at 288.

Here, we conclude that the 2006 version of I.C. § 35–38–1–7.5 altered the definition of a sexually violent predator for some offenders. Previous versions of the statute, versions in effect when Padgett committed the crime and when he was charged, required consultation with two experts before any defendant could be found a sexually violent predator. In contrast, the version in effect at the time Padgett was sentenced required the trial court to find him a sexually violent predator *per se* for having been convicted of child molest as a Class A felony under I.C. § 35–42–4–3. *See* I.C. §§ 35–38–1–7.5 (2003); 35–38–1–7.5 (2006). Thus, the 2006 version changed the elements or ultimate facts and evidence necessary to prove that a defendant is a sexually violent predator. *See Stroud*, 809 N.E.2d at 288. In this sense, we conclude Padgett is correct in identifying the 2006 version as *ex post facto* law in his case.

Nevertheless, as the trial court stated in its Order finding Padgett a sexually violent predator, Padgett's revised plea agreement specifically stated that he agreed "to comply with all conditions of the Indiana sex offender registry statutes ... and *any successor statutes* and any similar statutes in any other state which the offender resides, *as well as all statutory requirements imposed upon sexually violent predators*." (Appellant's App. p. 215) (emphasis added). Therefore, as a plea agreement is contractual in nature and binding upon the defendant, we conclude that the trial court properly found Padgett a sexually violent predator under the version of I.C. § 35–38–1–7.5 in effect at the time of sentencing. *See Abernathy v. State*, 852 N.E.2d 1016, 1019 (Ind.Ct. App.2006).

*CONCLUSION*

Based on the foregoing, we conclude the trial court (1) did not abuse its discretion in sentencing Padgett, and (2) properly

determined he is a sexually violent predator under I.C. § 35–38–1–7.5 (2006).

Affirmed.

SHARPNACK, J., and
FRIEDLANDER, J., concur.