Todd L. JENSEN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A04–0706–CR–351.

Court of Appeals of Indiana.

Dec. 26, 2007.

Transfer Granted March 24, 2008.

Randall J. Hammond, Randy M. Fisher, Fort Wayne, IN, Attorneys for Appellant.

Stephen R. Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBERTSON, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Todd L. Jensen ("Jensen") appeals from the trial court's order classifying him as a sexually violent predator and requiring Jensen to register as such for the remainder of his life.

We reverse and remand.

### ISSUES

Jensen's appeal presents the following dispositive issue for our review: whether the amendments to Indiana's Sex Offender Registry as applied to Jensen violate the *ex post facto* clauses of the federal and state constitutions.

### FACTS AND PROCEDURAL HISTORY

On January 18, 2000, Jensen pled guilty to vicarious sexual gratification, a Class C felony, and child molesting, a Class C felo-ny. Jensen was sentenced on February 18, 2000, to three years executed with three years suspended on each count. The sentences were ordered to be served concurrently. Pursuant to Ind.Code § 5–2–12–13 *(repealed by* P.L. 140–2006, SEC. 41 and P.L. 173–2006, SEC. 55), Jensen was to report as a sex offender for a period of ten years.

Jensen was released from prison, began the probationary period of his sentence on July 12, 2001, and was formally released from probation on July 12, 2004. Since his release from prison, Jensen has annually reported and registered as a convicted sex offender.

On September 20, 2006, the Allen County Sheriff Department's Sexual Offender Registry Coordinator informed Jensen that he would have to register for life as a sexually violent predator and as an offender against children. Jensen filed a motion to determine registration status with the trial court, and a hearing was set on that motion for February 12, 2007. Ultimately, the trial court found Jensen to be a sexually violent predator, and determined that Jensen must register for life. This appeal arises from the trial court's ruling.

### DISCUSSION AND DECISION

Jensen argues that the trial court's determination that Jensen is a sexually violent predator, and, therefore, is required to register as such for life, violates the federal and state *ex post facto* clauses as applied to him.

Jensen had completed the executed portion of his sentence for vicarious sexual gratification, a Class C felony, and child molesting a Class C felony, and had been successfully released from probation for those offenses by July of 2004. Jensen has continued to register as required as a sex offender. The General Assembly, effective July 1, 2006, amended many of the

statutes relevant to the sex offender registry. Of significance to Jensen's appeal is the legislature's amendment to the definition of "sexually violent predator." *See* Ind.Code § 35–38–1–7.5, formerly Ind. Code § 5–2–12–4.5. Under both codifications, a "sexually violent predator" was defined as "a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly engage in any of the offenses" now set forth in Ind.Code § 11–8–8–5, formerly, Ind.Code § 5–2–12–4. The offenses to which Jensen pled guilty are among those enumerated in Ind.Code § 11–8–8–5. They were also among those enumerated in Ind.Code § 5–2–12–4.

The trial court's "Order Or Judgment of the Court" states as follows in relevant part:

> Hearing held on Defendant's Motion to Determine Registration Status. Court finds defendant was convicted of Vicarious Sexual Gratification, a Class C Felony. Such conviction falls under the definition of a sexually violent predator which requires defendant to register for life.

Appellant's App. p. 75.

■ The United States Constitution and the Indiana Constitution prohibit *ex post facto* laws. *See* U.S. Const. Art. I, § 10; Ind. Const. Art. I, § 24. The *ex post facto* analysis is the same under the Indiana Constitution as under the federal Constitution. *See Spencer v. O'Connor,* 707 N.E.2d 1039, 1042 (Ind.Ct.App.1999). A law is *ex post facto* if it substantially disadvantages a defendant because it increases his punishment, changes the elements of or ultimate facts necessary to prove the offense, or deprives a defendant of some defense or lesser punishment that was available at the time of the crime. *Stroud v. State,* 809 N.E.2d 274, 288 (Ind. 2004). Our focus is not on whether the legislative change causes a disadvantage. *Goldsberry v. State,* 821 N.E.2d 447, 464 (Ind.Ct.App.2005). Instead, we examine whether the change increases the penalty by which a crime is punishable, or alters the definition of criminal conduct. *Id.*

■ As previously stated, the change in the statute occurred after Jensen had served the executed portion of his sentence, and after he had been released from probation for his offenses. Therefore, we must determine if the law as applied to Jensen violates *ex post facto* principles.

A panel of this court recently noted that the 2006 version of Ind.Code § 35–38–1–7.5 altered the definition of a sexually violent predator for some offenders. *See Padgett v. State,* 875 N.E.2d 310 (Ind.Ct. App.2007) *trans. denied.* The version of the statute in effect at the time Jensen committed the crime, was charged, and was sentenced, required consultation with two experts before any defendant could be found a sexually violent predator. Ind. Code § 35–38–1–7.5, as added by P.L. 56–1998, SEC.17 and amended by P.L.1–1999, SEC.77. However, the 2006 version of Ind. Code § 35–38–1–7.5 requires the trial court to find a defendant to be a sexually violent predator *per se* for having been convicted of the enumerated offenses. Therefore, the 2006 version of the statute has changed the elements or ultimate facts and evidence necessary to prove that a defendant is a sexually violent predator. Consequently, the 2006 version, which the trial court clearly used at Jensen's status determination hearing, is *ex post facto* law as applied to him.

■ Furthermore, unlike the defendant's plea agreement in *Padgett,* Jensen's plea agreement did not specifically state that Jensen was to comply with any of the sex offender registry statutes, or successor statutes, or statutory requirements im-

posed upon sexually violent predators. *See Padgett,* 875 N.E.2d at 319. As a result, we turn to the issue of the trial court's imposition of the lifetime registration as a sexually violent predator requirement upon Jensen.

Prior to its repeal, Ind.Code § 5-2-12-13, the statute in effect at Jensen's sentencing, provided that the duty of a sex and violent offender to register terminated after ten years unless the individual had been determined to be a sexually violent predator. If the defendant was determined by the court to be a sexually violent predator, the registration requirement was for an "indefinite period." The registration requirement could be modified if the trial court with the assistance of a board of experts found that the sex and violent offender was no longer a sexually violent predator.

A panel of this court noted in *Thompson v. State,* 875 N.E.2d 403 (Ind.Ct.App.2007) *trans. filed,*[1] that the current statute, Ind. Code § 11-8-8-19, contains a change in the registration requirement. If the sex or violent offender has been determined to be a sexually violent predator, he must register "for life." The panel of this court observed that a change from a registration requirement for an indefinite period subject to later reevaluation and potential relief from the registration requirement, to an absolute requirement of registration for life is "not an inconsequential change." 875 N.E.2d at 409.

The statute providing for the determination that a sex offender is a sexually violent predator is placed in the criminal code. *See* Ind.Code § 35-38-1-7.5. On the other hand, the statutory provision for registration and the appropriate duration of that registration requirement is placed in the title of the Indiana Code dealing with the Department of Correction. Placement within the code, in this circumstance, is not dispositive of the issue of legislative intent for the provision to be regulatory or penal in nature.

However, given the stated purpose of both P.L. 140-2006, SEC. 41 and P.L. 173-2006, SEC. 55, bills for "an act to amend the Indiana Code concerning criminal law and procedure," and the placement of the trial court's determination at sentencing of a defendant's "sexually violent predator" status within the criminal code, the duration of registration "for life," has penal implications if nothing else. *See Goldsberry,* 821 N.E.2d at 465.

In *Spencer,* a panel of this court noted that the ten-year period of registration, in that case, evidenced an intent to monitor the whereabouts of the offender. 707 N.E.2d at 1043. A lifetime registration is a much different story. Furthermore, this is not a situation where Jensen was here on appeal of an order resulting from a probation violation. A panel of this court has held that trial courts have the discretion to consider sexually violent predator status at the probation violation stage. *See Jones v. State,* 873 N.E.2d 725, 729 (Ind.Ct.App.2007). The present case is here on appeal from the trial court's order after Jensen sought to have his registration status determined in light of the notification by authorities in Allen County.

We hold that imposition of a lifetime registration requirement in Jensen's case violates *ex post facto* considerations. We reverse the trial court's order determining that Jensen is a sexually violent predator, and instruct the trial court to enter an

---

1. We recognize that a petition to transfer has been filed in *Thompson v. State,* 875 N.E.2d 403 (Ind.Ct.App.2007). However, we find the reasoning in that case to be helpful to our disposition of this appeal.

order determining Jensen's registration requirement to be for ten years' duration.

Because the foregoing issue was dispositive of Jensen's appeal, we do not address the remaining issues raised in Jensen's brief.

Reversed and remanded.

SHARPNACK, J., concurs.

BRADFORD, J., dissenting with separate opinion.

BRADFORD, Judge, dissenting.

I respectfully dissent. I believe requiring Jensen to register as a sexually violent predator for life does not run afoul of the federal and state *ex post facto* clauses. In *Spencer v. O'Connor,* 707 N.E.2d 1039, 1044 (Ind.Ct.App.1999), a panel of this court, in finding a ten-year sex offender registration requirement did not violate the *ex post facto* prohibition, noted a significant portion of the information contained in the registry is already in the public domain.

As stated in *Spencer,* I believe the inclusion of a person in the registry is intended to monitor the whereabouts of the offender, not to punish the offender. 707 N.E.2d at 1043. Law—abiding citizens are required to register or file various forms for long periods of time, the duration of which can include a lifetime. Such filings include voter registrations, driver's licenses and income taxes. Further, absent an expungement, adult criminal histories are stored in data bases for life and beyond.

Given the public interest in certain informational filings, it is my opinion that requiring a sexually violent predator to maintain his current address in the registry, even for a lifetime, does not rise to the level of being so punitive as to overcome its non-punitive legislative intent, that is, to monitor the whereabouts of a violent sexual predator, the necessity of which does not diminish over time.

I would affirm the trial court on this issue.