

**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Jul 30 2013, 7:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENDAL R. PITTS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1211-CR-492 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-0907-FA-38

**July 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Kendal R. Pitts appeals his thirty-year sentence for Class A felony rape.[1]  We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 9, 2012, the trial court, pursuant to a plea agreement, sentenced Pitts to thirty years for Class A felony rape and ordered it served consecutive to a fourteen-year sentence for a separate unrelated conviction of Class B felony attempted rape.[2]  This appeal ensued.

## DISCUSSION AND DECISION

1.      Abuse of Discretion

When the trial court imposes a sentence within the statutory range, we review for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007).  We may reverse a decision that is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quoting *In re L.J.M*., 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)).

Our review of the trial court's exercise of discretion in sentencing includes an examination of its reasons for imposing the sentence. *Id*.  "This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime . . . [and] such facts must have support in the record." *Id.*  The trial court is not required to find mitigating factors or give them the same weight that the defendant does.

---

[1] Ind. Code § 35-42-4-1(b).
[2] Ind. Code § 35-42-4-1(a) (rape); Ind. Code § 35-41-5-1 (attempt).

*Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009).  However, a court abuses its discretion if it does not consider significant mitigators advanced by the defendant and clearly supported by the record.  *Anglemyer*, 868 N.E.2d at 490.  Once aggravators and mitigators have been identified, the trial court has no obligation to weigh those factors.  *Id*. at 491.

In sentencing Pitts, the trial court found two mitigators:  "The defendant has pled guilty and admitted responsibility" and "The defendant is 19 years of age."  (App. at 16.)  During his sentencing hearing, Pitts argued his attempts at rehabilitation while serving his earlier sentence for Class B felony attempted rape and his expression of remorse toward the victim and his family members should also have been considered.  However, the trial court was not required to find Pitts' alleged rehabilitation and remorse as mitigating factors.  *See Phelps v. State*, 969 N.E.2d 1009, 1020 (Ind. Ct. App. 2012) ("trial court under no obligation to accept a defendant's alleged remorse as a mitigating circumstance); *see also Settles v. State*, 791 N.E.2d 812, 815 (Ind. Ct. App. 2003) ("It was within the trial court's discretion to find that [the defendant's] rehabilitation process during his incarceration was not a significant mitigating factor.").  Therefore Pitts has not demonstrated the trial court abused its discretion in sentencing him.

2.    Inappropriate Sentence

We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender.  *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)).  We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record.  *Roney v. State*, 872

N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The advisory sentence for a Class A felony is thirty years, with a range of twenty to fifty years. Ind. Code § 35-50-2-4. Pitts was sentenced to thirty years, which is the advisory sentence for Class A felony rape. Pitts used force to subdue his victim, and choked her while raping her. Based on the violent nature of the offense, we cannot say the advisory sentence was inappropriate.

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of a criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Pitts was serving a sentence for attempted rape when he was convicted and sentenced for the instant crime. In addition, Pitts has two juvenile adjudications – one for burglary and one for robbery. Based on his criminal history, we cannot say the advisory sentence is inappropriate.

## CONCLUSION

The trial court did not abuse its discretion in sentencing Pitts, nor is his sentence inappropriate based on his character and the nature of the offense. Accordingly, we affirm.

4

Affirmed.

BAKER, J., and MATHIAS, J., concur.