## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 09 2017, 7:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Devon R. Rush, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 9, 2017 <br><br> Court of Appeals Case No. <br> 34A05-1607-CR-1590 <br><br> Appeal from the <br> Howard Superior Court <br><br> The Honorable <br> William C. Menges, Jr., Judge <br><br> Trial Court Cause No. <br> 34D01-1505-F2-485 |

**Kirsch, Judge.**

[1] Devon R. Rush ("Rush") pleaded guilty to dealing in a narcotic drug[1] as a Level 2 felony, dealing in cocaine[2] as a Level 2 felony, and unlawful possession of a firearm by a serious violent felon ("SVF"),[3] a Level 4 felony, and was sentenced to a thirty-year aggregate sentence. He appeals, raising the following restated issue: whether his thirty-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On May 20, 2015, the police found Rush in the backseat of a car, sitting next to a child in a car seat, and in close proximity to a loaded .380 handgun, 22.4 grams of heroin, 48.7 grams of cocaine, and $3,871 in cash. Rush initially lied to the police and said the gun and drugs were not his, and another passenger lied and said the gun and drugs were hers. On May 22, 2015, the State charged Rush with Level 2 felony dealing in a narcotic drug, Level 2 felony dealing in cocaine, Level 3 felony possession of a narcotic drug, Level 3 felony possession of cocaine, and Level 4 felony possession of a firearm by a SVF.

[4] The parties entered into a plea agreement in which Rush agreed to plead guilty to Level 2 felony dealing in a narcotic drug, Level 2 felony dealing in cocaine,

---

[1] *See* Ind. Code § 35-48-4-1(a)(2), (e)(1).

[2] *See* Ind. Code § 35-48-4-1(a)(2), (e)(1).

[3] *See* Ind. Code § 35-47-4-5(c).

and Level 4 felony possession of a firearm by a SVF in exchange for the State's dismissal of the remaining counts. The parties agreed that sentencing would be left to the discretion of the trial court, but that the sentences would run concurrently.

[5] The trial court found Rush's prior criminal history, the fact that he was on probation when he committed the present offenses, and his decision to deal drugs even though he had two young children to take care of as aggravating factors. *Tr*. at 30-31. The trial court gave Rush's guilty plea mitigating weight since he pleaded guilty "in the midst of trial." *Id*. at 31. After finding that the aggravating and mitigating factors justified an enhanced sentence, the trial court imposed thirty years for Level 2 felony dealing in a narcotic drug, thirty years for Level 2 felony dealing in cocaine, and twelve years for Level 4 felony possession of a firearm by a SVF and ordered the sentences to run concurrently for an aggregate sentence of thirty years. Rush now appeals.

## Discussion and Decision

[6] Under Indiana Appellate Rule 7(B), "we may revise any sentence authorized by statute if we deem it to be inappropriate in light of the nature of the offense and the character of the offender." *Corbally v. State*, 5 N.E.3d 463, 471 (Ind. Ct. App. 2014). The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). It is the defendant's burden on appeal to persuade the reviewing court

that the sentence imposed by the trial court is inappropriate. *Chappell v. State,* 966 N.E.2d 124, 133 (Ind. Ct. App. 2012), *trans. denied.*

[7] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[8] Rush argues that the trial court erred in sentencing him and that his thirty-year sentence is inappropriate in light of the nature of the offense and the character of the offender. He specifically asserts that the nature of his offense was not the worst offense and that, although he had a significant criminal history, his character does not make him the worst offender. To bolster his character, Rush contends that he was only engaged in dealing drugs to help a family member bond out of jail and not for selfish personal gain and that his children would be impacted by his incarceration.

[9] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013) (citing *Anglemyer v. State,* 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). Here, Rush pleaded

guilty to one count of Level 2 felony dealing in a narcotic drug, one count of Level 2 felony dealing in cocaine, and one count of Level 4 felony possession of a firearm by a SVF. A person who commits a Level 2 felony shall be imprisoned for a fixed term of between ten and thirty years, with the advisory sentence being seventeen and one-half years. Ind. Code § 35-50-2-4.5. A person who commits a Level 4 felony shall be imprisoned for a fixed term of between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5. Here, the trial court sentenced Rush to thirty years for each of his Level 2 felony convictions and twelve years for his Level 4 felony conviction and ordered the sentences to be served concurrently for a total sentence of thirty years.

[10] As to the nature of the offense, police discovered Rush in a car, sitting next to a baby, and in possession of a loaded handgun, 22.4 grams of heroin, 48.7 grams of cocaine, and $3,871 in cash. At the time he was found to be possession of this contraband, he was on probation for dealing drugs. When confronted with the contraband by the police, Rush lied about possessing the drugs, handgun, and cash and, instead, allowed the other passengers in the car to take the blame for the items.

[11] As to Rush's character, he had a significant criminal history, beginning when he was a juvenile. He began dealing drugs at the age of sixteen years old, and he was twenty-eight at the time of sentencing. His criminal history consisted of a juvenile adjudication for possession of marijuana, a felony conviction for possession of cocaine or narcotic drug, three misdemeanor convictions for

operating a vehicle without ever receiving a license, and two Class B felony convictions for dealing in cocaine. Rush was released from the Community Transition Program on April 13, 2015 and started dealing drugs again about a week later. He also began to use cocaine, marijuana, and Lortab since leaving incarceration. Rush was also still on probation when he committed the instant offenses on May 20, 2015.

[12] Further, although Rush asserts that he was only dealing drugs to earn money to help bond his family member out of jail, he does concede that that was not an excuse for committing a crime. Additionally, Rush's criminal history demonstrates that his present offenses were not out of line with his criminal history. Further, even though Rush had two young children, he chose to commit crimes instead of reuniting with them after being recently released from incarceration. Lastly, while Rush claims his sentence is inappropriate because he should have received leniency due to his guilty plea, the traditional reasons for granting lenience were not present here because Rush did not plead guilty until the third day of his jury trial after the trial court and the State had expended time and resources in trying him. *See Pagdett v. State*, 875 N.E.2d 310, 317 (Ind. Ct. App. 2007) ("[T]he significance of a guilty plea is lessened if it is made on the eve of trial after the State has expended resources in preparing its case."), *trans. denied*. We conclude that, in light of the nature of the offense and the character of the offender, Rush's sentence is not inappropriate.

[13] Affirmed.

Robb, J., and Barnes, J., concur.