Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED
May 05 2014, 9:05 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTOPHER L. CLERC**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUSTIN MALONE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1307-CR-334 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause Nos. 03C01-1302-FC-925, 03C01-0701-FB-24

**May 5, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Justin Malone ("Malone") pleaded guilty in Bartholomew Circuit Court to Class D felony criminal recklessness and was sentenced to two years incarceration. On appeal, Malone claims that the trial court abused its discretion in sentencing him and that his sentence is inappropriate.

We affirm.

**Facts and Procedural History**

At the time relevant to this appeal, Malone was a long-term drug user who was on probation for a 2007 conviction for manufacturing methamphetamine. On December 20, 2012, Malone took his girlfriend out for the evening, but his girlfriend ended up going home with another man, Gregory Burris ("Burris"). This angered Malone, and, on the following day, Malone took the handle from a window-cleaning "squeegee" and confronted Burris at Burris's home. Malone used the handle to strike Burris in the head, injuring him. Malone then fled the scene. A guest at Burris's home witnessed the attack.

As a result of this incident, the State charged Malone on February 7, 2013, with Class C felony battery by means of a deadly weapon and Class D felony criminal recklessness. Malone subsequently agreed to plead guilty to the Class D felony in exchange for the State dismissing the Class C felony charge. Malone also agreed to admit to violating the terms of his probation. At a sentencing hearing held on July 1, 2013, the trial court accepted Malone's plea and sentenced him to two years incarceration, consecutive to the five-year sentence remaining on Malone's 2007 conviction. Malone now appeals.

## I. Trial Court's Sentencing Discretion

Malone first claims that the trial court abused its discretion in sentencing him to an aggregate term of two years. Sentencing decisions "rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). A trial court may abuse its sentencing discretion by: (1) failing to enter a sentencing statement, (2) finding aggravating or mitigating factors unsupported by the record, (3) omitting mitigating factors clearly supported by the record and advanced for consideration, or (4) giving reasons that are improper as a matter of law. Id. at 490-91. Because a trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, it cannot now be said to have abused its discretion in failing to properly weigh such factors. Id. at 491. If a trial court abused its discretion in sentencing, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. Id. at 491.

Malone claims that the trial court abused its discretion by failing to consider his guilty plea as a mitigating circumstance. A defendant's decision to plead guilty is a mitigating factor, but it is not necessarily a significant mitigating factor. Cotto v. State, 829 N.E.2d 520, 525 (Ind. 2005). A guilty plea does not rise to the level of a significant mitigating factor if the defendant has received a substantial benefit from the plea, or where the evidence is such that the decision is a pragmatic one, the guilty plea does not

3

rise to the level of significant mitigation. Anglemyer v. State, 875 N.E.2d 218, 221 (Ind. 2007).

Here, the trial court could have easily concluded that Malone's decision to plead guilty was simply a pragmatic decision, as the victim identified Malone as his attacker and there was an eyewitness to the attack. More importantly, Malone had already received a substantial benefit from his plea; the State dismissed the pending Class C felony charge, substantially reducing the potential sentence Malone could have received. Compare Ind. Code § 35-50-2-6 (sentencing range for a Class felony is two to eight years) with Ind. Code § 35-50-2-7 (sentencing range for Class D felony is six months to three years). Under these facts and circumstances, the trial court did not abuse its discretion by failing to identify Malone's decision to plead guilty as a significant mitigating circumstance.

The same is true of Malone's alleged remorse. The trial court was in the better position to judge the veracity of Malone's brief claim of remorse. See Mead v. State, 875 N.E.2d 304, 309-10 (Ind. Ct. App. 2007) (noting that the trial court possesses the ability to directly observe the defendant and is therefore in the best position to determine whether the defendant is genuinely remorseful). Accordingly, without evidence of some impermissible consideration by the trial court, we will accept its determination as to remorse. Stout v. State, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005).

In sum, Malone has not established that the trial court abused its discretion in sentencing him. But even if we were to conclude otherwise, Malone would not prevail. If a trial court abuses its discretion in sentencing a defendant, we will not remand for

4

resentencing if the sentence imposed is not inappropriate. Chappell v. State, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012), trans. denied; Mendoza v. State, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007), trans. denied; Felder v. State, 870 N.E.2d 554, 558 (Ind. Ct. App. 2007); see also Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007) (noting that when trial court errs in sentencing defendant, court on appeal may exercise authority to review and revise sentence, instead of remanding for resentencing). In this regard, and as discussed below, we conclude that Malone's two-year sentence is not inappropriate.

## II. Indiana Appellate Rule 7(B)

Malone also claims that his sentence is inappropriate in light of the nature of his offense and his character. Even if a trial court acted within its statutory discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (citing Anglemyer, 868 N.E.2d at 491. This authority is implemented through Indiana Appellate Rule 7(B), which provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Id.

Still, we must and should exercise deference to a trial court's sentencing decision, because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. While we have the power to review and revise sentences, the principal

5

role of our review should be to attempt to level the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. Fernbach v. State, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), trans. denied (citing Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. Former v. State, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Malone pleaded guilty to Class D felony criminal recklessness. The sentencing range for a Class D felony is six months to three years incarceration, with the advisory sentence being one and one-half years. I.C. § 35-50-2-7. Here, the trial court sentenced Malone to two years—six months more than the advisory, but one year less than the maximum. Both the nature of the offense and the character of the offender support the trial court's sentencing decision.

Malone attacked a man at his own home with a handle, injuring him. And Malone carried out his attack not immediately after his girlfriend left with the victim, but the following day. This indicates some level of planning on Malone's part. Even though this is not the most heinous crime, the character of the offender more than supports the trial court's decision to sentence Malone to two years. Malone was thirty-seven years old at the time of sentencing, and he had two juvenile delinquency adjudications and nine adult criminal convictions, including four felonies. His felony convictions include Class D

6

felony criminal recklessness,[1] Class D felony residential entry, and Class B felony dealing in methamphetamine. Malone had also violated his probation in the past, and was on probation at the time of his current offense. Under these facts and circumstances, Malone has not persuaded us that his two-year sentence is inappropriate.

**Conclusion**

The trial court did not abuse its discretion by failing to consider as mitigating Malone's guilty plea or his alleged remorse. And Malone's two-year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.

---

[1] Malone was charged with Class C felony involuntary manslaughter but pleaded guilty to Class C felony criminal recklessness.